# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MTR GAMING GROUP, INC.,**
**Employer Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-228    (JCN: 2020016751)**

**JILL HOOVER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner MTR Gaming Group, Inc. ("MTR") appeals the October 5, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Jill Hoover filed a timely response.[1] MTR did not file a reply.

The issue on appeal is whether the Board erred in reversing the claim administrator's order denying the addition of rotator cuff tendonitis and right bicep tendonitis as compensable components of the claim and remanding the claim to the claim administrator for a reconsideration of temporary total disability ("TTD") benefits in light of the newly added compensable diagnoses.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hoover was injured on December 1, 2019, in the course of her employment at MTR, when she was taking a 40-50 pound garbage bag out to a bin that empties into a dumpster. When Ms. Hoover attempted to throw the bag up into the bin it fell onto her right arm, and she then pushed the bag into the bin.

Ms. Hoover underwent a right wrist x-ray on December 2, 2019, which showed no visible fracture, normal alignment, and that the soft tissue was unremarkable.

---

[1] Petitioner is represented by Jeffrey B. Brannon, Esq. Respondent is represented by Julie W. Fritsch, Esq.

1

The claim administrator issued an order dated January 16, 2020, holding the claim compensable for a contusion of the right wrist and a right wrist sprain/strain. Ms. Hoover was awarded TTD benefits.

On March 2, 2020, Ms. Hoover was seen by John M. Duffy, PA-C. Ms. Hoover complained of right arm, wrist and hand pain. Ms. Hoover indicated that she had undergone bilateral carpal tunnel releases twelve years before her injury.

Ms. Hoover was seen by James Pfaeffle, M.D., an orthopedic surgeon, on October 23, 2020, at the request of the claim administrator. Dr. Pfaeffle diagnosed Ms. Hoover with right hand and wrist strains, with complex regional pain syndrome, and a right shoulder rotator cuff injury. Dr. Pfaeffle opined that all conditions were related to her work injury and none of the conditions were at maximum medical improvement ("MMI").

On November 16, 2020, Ms. Hoover underwent a right shoulder MRI. The MRI showed a longitudinal tear of the bicep tendon, a small partial rim type tear at the attachment of supraspinatus tendon, and a small partial tear at the attachment of the infraspinatus tendon.

Ms. Hoover was seen by Tracy Christopher, RN, on November 26, 2020. Ms. Christopher diagnosed Ms. Hoover with a right wrist sprain and complex regional pain syndrome of the right wrist/hand. Ms. Christopher opined that Ms. Hoover was not at MMI for her compensable injuries.

A medical record from Trinity Workcare dated December 8, 2020, indicated that Ms. Hoover could return to work with restrictions.

A note from an unidentified provider dated December 21, 2020, on the bottom of a radiology report dated November 16, 2020, indicated that Ms. Hoover needed a referral to an orthopedic specialist and was unable to work.

Ms. Hoover's TTD benefits were suspended on January 3, 2021, based on the December 8, 2020, record from Trinity Workcare that indicated Ms. Hoover could return to work with restrictions.

Ms. Hoover was seen by Dennis J. Phillips, M.D. on January 15, 2021, January 19, 2021, and February 19, 2021. Dr. Phillips noted that Ms. Hoover suffered from rotator cuff tendonitis and right bicep tendonitis related to her work injury. Dr. Phillips opined that Ms. Hoover could return to work with the following restrictions: no lifting, no pushing, no pulling, no carrying anything over five pounds, and no overhead activity.

The claim administrator issued an order dated February 9, 2021, closing this claim for TTD benefits.

On March 3, 2021, the claim administrator issued an order denying the addition of rotator cuff tendonitis, right bicep tendonitis, and cervical disc disease.

On April 30, 2021, Ms. Hoover was seen by Steven Regal, M.D., an orthopedic surgeon, who indicated that Ms. Hoover could not work and should remain off work until her next appointment.

Ms. Hoover underwent an independent medical examination on January 19, 2022, with Chuan Fang Jin, M.D., who specializes in occupational medicine. Dr. Jin opined that Ms. Hoover had reached MMI for the compensable diagnoses, and that Ms. Hoover had 16% whole person impairment for the compensable injury. Finally, Dr. Jin wrote that she did not believe rotator cuff tendonitis and right biceps tendonitis were related to the compensable injury.

On October 5, 2022, the Board issued an order reversing the claim administrator's denial of the addition of rotator cuff tendonitis and right bicep tendonitis as compensable components of the claim and remanding to the claim administrator for a determination of TTD benefits considering the newly added compensable diagnoses. MTR appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, MTR argues that the Board erred when it reversed the claim administrator's order. MTR argues that rotator cuff tendonitis and right bicep tendonitis

are not associated with Ms. Hoover's workplace injury because Ms. Hoover did not complain of these conditions for five months, and the conditions were not diagnosed for ten months. MTR also relies on Dr. Jin's opinions.

Ms. Hoover stated that she did not complain of symptoms until months after the injury because she was restricted from using her arm for that time. We find this argument reasonable. Further, the Board found that the opinions of Drs. Pfaeffle and Phillips were reliable. Both physicians found that Ms. Hoover developed rotator cuff tendonitis and right bicep tendonitis from the compensable injury. The Board found that a preponderance of the evidence established that these diagnoses were associated with Ms. Hoovers' workplace injury, based on the reports of Drs. Pfaeffle and Phillips.

After review, we conclude that the Board was not clearly wrong in finding that the preponderance of the evidence supported the addition of rotator cuff tendonitis and right bicep tendonitis as compensable components of the claim based on the opinions of Drs. Pfaeffle and Phillips. Further, as the Board was not clearly wrong in holding rotator cuff tendonitis and right bicep tendonitis compensable, it is reasonable for TTD benefits to be revaluated under the newly added compensable diagnoses.

Finding no error in the Board's October 5, 2022, order, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4